UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     JS-6    'O'

| Case No. | 2:22-CV-06334-CAS<br>2:14-CR-00725-CAS | Date | September 23, 2022 |
|---|---|---|---|
| Title | TAQUAN RASHE GULLETT-EL V. UNITED STATES | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255 (Dkt. 1, filed on SEPTEMBER 6, 2022)

    Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Taquan Rashe Gullett-El.[1] Dkt. 1. On December 3, 2019, petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to § 2255, which the Court denied. See United States v. Gullett, No. 2:14-cr-00725-CAS, dkts. 245, 280. Thereafter, on September 6, 2022, petitioner filed the present motion. Dkt. 1. The Court concludes that petitioner's motion should be denied because the record reveals that petitioner has failed to obtain the requisite permission from the Ninth Circuit Court of Appeals to file a second or successive petition under § 2255. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

---

[1] Although petitioner has named the Court as a defendant in another case, see Gullett v. U.S. Probation & Pretrial Services, et al., No. 2:22-cv-05395-JAK (JDE) (filed Aug. 3, 2022), the Court finds that it may properly decide this motion in light of its substantial familiarity with the facts of the case and petitioner's failure to comply with the requirements to proceed, as clearly revealed by the record. Furthermore, "a judge is not disqualified merely because a litigant sues or threatens to sue him [or her]" because "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." Ronwin v. State Bar of Ariz., 686 F.2d 692, 701 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     JS-6     'O'

| Case No. | 2:22-CV-06334-CAS<br>2:14-CR-00725-CAS | Date | September 23, 2022 |
|---|---|---|---|
| Title | TAQUAN RASHE GULLETT-EL V. UNITED STATES | | |

In accordance with the foregoing, the Court **DENIES** petitioner's motion **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |